## Case No. 15,907.

### UNITED STATES v. OBERMEYER.

[5 Ben. 541;[1] 15 Int. Rev. Rec. 83.]

District Court, E. D. New York. Feb. 27, 1872.

INTERNAL REVENUE — BREWER'S BOOK — ENTRIES — PENALTY.

The forty-ninth section of the internal revenue act of July 13, 1866 (14 Stat. 164), provided that every brewer should "enter or cause to be entered, in a book to be kept by him for that purpose," the number of barrels of fermented liquor made by him on each day. The fifty-first section of the same act provided that every brewer who "shall intentionally make a false entry in said book, or in said statement, or knowingly allow or procure the same to be done, shall forfeit, for every such offence, all the liquors made by him or for him, and all the vessels, utensils, and apparatus used in making the same, and be liable to a penalty of not less than $500, nor more than $1,000, to be recovered, with costs of suit, and shall be deemed guilty of a misdemeanor, and shall be imprisoned for a term not exceeding one year. And any brewer who shall neglect to keep the books, or refuse to furnish the account and duplicate thereof, as provided by law, * * * shall, for every such neglect or refusal, forfeit and pay the sum of $300." Held, that the latter clause of the section did not affix the penalty of $300 to the omission to make proper entries in a book kept by him, but to the failure to keep any book at all.

This case came up on a motion in behalf of the United States, for a new trial, the court, on the trial, having directed a verdict for the defendant [David Obermeyer].

John J. Allen, Asst. U. S. Dist. Atty.
Kaufman, Frank & Pryor, for defendants.

BENEDICT, District Judge. In this case, the question reserved at the trial was, whether the omission by a brewer to enter in his brewer's book a true account of the

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

barrels of fermented liquors made by him, as required by section 49 of the internal revenue act of 1866, renders him liable to forfeit and pay $300, under the provision of the last clause of section 51 of the same act, notwithstanding it appears that the brewer had provided himself with a book in proper form, and had made and put in it what purported to be the account required by section 49, the items of which, however, were not correct.

By section 51, any fraudulent neglect or refusal to make true and exact entries in the brewer's book is made punishable by forfeiture and fine and imprisonment. The section next provides for a false entry in the book, intentionally made, which is also punishable by forfeiture, fine, and imprisonment; and then the section declares, that "any brewer who shall neglect to keep the books, or refuse to furnish the account, and duplicate thereof, as provided by law, * * * shall forfeit and pay the sum of $300." The government contends that the words in this last clause, "as provided by law," must be held to apply to the keeping of the books, as well as to the refusal to furnish the account, and that the provision must be construed to cover every case of failure to make correct entries in the book, as required by section 49. On the part of the defence, it is insisted that the clause in question was intended to provide for the case of a total omission to have any book, containing what purports to be the account required by section 49 to be entered in the brewer's book. I am of the opinion that the latter is the true construction of the clause, and that, where, as in this case, the brewer has kept a book, which contains what purports to be an account such as is required by section 49, he is not liable to an action for the $300, provided for in the fifty-first section. So construed, the section provides a punishment for any fraudulent omissions in the account, and also for any false entries intentionally made therein, but does not punish an accidental omission of an item, or an unintentional error in the account as kept, and its effect will be reasonable and just. The words, "keep the book," are elsewhere used, but not always, if ever, as equivalent to the words, "make correct entries in the book," which is what the government contends for here. Thus, in the seventh section of the act, in respect to cotton, the provision is, "if any person shall neglect to keep such book, or make false entries in such book." That the distinction indicated in the seventh section is intended to be made in section 51 is shown, I think, by the provisions of the section. Were there no provision in regard to the entries in the book, a different construction might be maintained.

The motion for new trial is accordingly denied, and judgment will be entered for the defendant.